Filed 11/15/13  P. v. Arellano CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B244943 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  BA094299) |
| v. | |
| LUIS OCTAVIO ARELLANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Clifford L. Klein, Judge.  Affirmed.

Jean Ballantine, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In 1994, pursuant to a plea agreement, appellant Luis Octavio Arellano pleaded guilty to charges that he possessed cocaine for purposes of transportation or sale, but failed to appear at the sentencing hearing in March 1995, and was sentenced in absentia. In July 2012, he filed a petition for writ of habeas corpus, which included a motion to vacate the plea and the judgment. The trial court denied the relief he requested and imposed the March 1995 sentence. On appeal, his court-appointed counsel has filed an opening brief raising no issues. Following our independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we conclude that no arguable issues exist, and affirm.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On August 26, 1994, an information was filed charging appellant in count 1 with conspiracy to possess cocaine for transportation or sale (Pen. Code, § 182, subd. (a)(1)), in count 2 with unlawful transportation or sale of cocaine (Health & Saf. Code, § 11352, subd. (a)), in count 3 with possession of cocaine for sale (Health & Saf. Code, § 11351), and in count 4 with possession of more than $100,000 for purposes of purchasing cocaine (Health & Saf. Code, § 11370.6, subd. (a)). Accompanying count 1 was an allegation that the offense involved more than 80 kilograms of cocaine (Health & Saf. Code, § 11370.4, subd. (a)(6)); furthermore, accompanying counts 2 and 3 were allegations that the cocaine involved in the offenses exceeded 4 kilograms (Health & Saf. Code, § 11370.4, subd. (a)(2)).

Pursuant to a plea agreement, appellant pleaded guilty to the charges and admitted the special allegation. Under the agreement, appellant agreed to cooperate with narcotics investigations and received no promises regarding his

2

sentence, which was consigned to the trial court's determination. Appellant stipulated that he could be sentenced in absentia, and was ordered released on bail. On March 27, 1995, appellant failed to appear at the sentencing hearing, and was sentenced to a total term of 36 years. After spending a period of time in Mexico, in November 2005, appellant was placed in federal custody in the United States. On May 3, 2012, he was placed in state custody.

On July 26, 2012, appellant filed a petition for writ of habeas corpus, contending that he received ineffective assistance of counsel, and that his plea was not knowing and voluntary. In addition, the petition contended that his sentence contravened *Cunningham v. California* (2007) 549 U.S. 270, and was otherwise infirm under the United States Constitution. Included in the petition was a nonstatutory motion to vacate the plea and the judgment, which asserted the same grounds for relief. On August 17, 2012, the trial court denied the petition for writ of habeas corpus. Later, on September 5, 2012, the court denied appellant's requests for the vacation of his plea and for resentencing, ordered him committed to serve the sentence imposed in March 1995, and awarded him 252 days in custody credits. Appellant noticed his appeal from the September 5, 2012 rulings.

## DISCUSSION

After an examination of the limited record presented in this appeal, appellant's court-appointed counsel filed an opening brief raising no issues and requesting this court to review the record independently pursuant to *Wende*. In addition, counsel advised appellant of his right to submit by supplemental brief any contentions or argument he wished the court to consider. Appellant has neither presented a brief nor identified any potential issues. Our examination of

3

the entire record establishes that no arguable issues exist.  (*Wende*, *supra*, 25 Cal.3d at p. 441.)[1]

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MANELLA, J.

We concur:

WILLHITE, Acting P. J.

SUZUKAWA, J.

---

[1]     In a related proceeding (B250104), appellant also filed a petition for writ of habeas corpus with this court, which we have denied without prejudice to appellant to raise his contentions before the trial court.